■ In the Matter of FRANK GODERRE, Petitioner, v CITY OF PEEKSKILL et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination made after a hearing, dismissing the petitioner from his position as a police officer. Petition granted; determination annulled, on the law, without costs or disbursements, and respondents are directed to rein-

state petitioner, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received. The petitioner was charged with having violated several of the "Duties and Rules of Conduct for the Police Department, City of Peekskill" in that he failed to conduct a proper investigation and wrongfully arrested one Pedro Rivera. The charges were precipitated by the entry of a money judgment, and underlying decision of the Supreme Court, Westchester County, in which the petitioner, and through him, the City of Peekskill, were found liable to Pedro Rivera in the principal amount of $6,500 for false arrest. The basic facts surrounding the false arrest do not appear to be disputed. On August 24, 1977 the Suffolk County police advised the Peekskill police that an arrest warrant had been issued for Pedro Juan Rivera. A physical description was provided which gave Rivera's age, height, weight, coloring, and physical characteristics, i.e., Rivera had a mustache, a scar, and a tattoo on his shoulder. Rivera was wanted for attempted robbery in the first degree. The information was given to Sergeant Hayes who took a group of officers, including the petitioner, to premises at 192 Union Avenue for the purpose of arresting Rivera. The landlady acknowledged that Rivera, who was a truck driver, lived at that address but stated that he was not at home. Several days later, the petitioner noticed a truck outside the premises and called for a back-up team to assist in the arrest of Rivera. The officers entered the premises and found a male individual who acknowledged that he was Pedro Rivera. He was approximately the same height, weight and coloring of the Pedro Juan Rivera who was wanted by the Suffolk County police. The petitioner advised Rivera that he was wanted by the Suffolk County police. Rivera responded that he did not know what he could have done in Suffolk County, but made no strong objection to the arrest. Rivera was arrested and taken to the stationhouse where his identification was further checked by the shift supervisor, who determined that this Pedro Rivera was not the individual wanted by the Suffolk County police. They were so notified and Rivera was released. Rivera then commenced a tort action alleging false arrest. An internal investigation was made and it was determined that the petitioner "had reasonable grounds to believe that Rivera was the subject of the warrant" and that he should therefore be defended by the City of Peekskill. The unsuccessful defense merely consisted of the testimony of the petitioner. No appeal was taken by the City of Peekskill. On the last day to appeal, the charges which are the subject of this proceeding were filed against the petitioner. At the hearing, the only evidence introduced against the petitioner was the judgment and decision in Rivera's suit for false arrest. On behalf of the petitioner, Sergeant Hayes and another officer testified that they also would have arrested Rivera. A third individual who participated in the arrest testified that at "line-up" the patrolmen in the shift were told only that they should arrest Pedro Rivera, who lived at 192 Union Avenue, because he was wanted by the Suffolk County police for attempted robbery in the first degree. No physical description was given. The hearing officer refused to admit the testimony of an alleged expert who would have expressed an opinion as to whether the petitioner had followed proper procedure. The petitioner testified to the general circumstances of the arrest as outlined above. He stated that he did not believe that it was significant that the Rivera he arrested did not have a mustache, because facial hair could be readily shaved. The petitioner also testified that he did not personally check for the presence of the tattoo because it was not normal procedure to ask a suspect to disrobe in his home. It is noted that there were other persons present at the time of the arrest

and that Rivera's wife was calling other family members. Goderre testified that he was concerned that the arrest be completed and the suspect taken to the stationhouse before more people arrived who may have complicated the arrest. The hearing officer found the petitioner guilty of the charges and directed that he be dismissed. The written decision merely lists the exhibits and witnesses and reproduces the decision rendered in the false arrest action. The evidence was neither reviewed nor analyzed. However, a review of the hearing transcript leaves little doubt that the hearing officer considered the Supreme Court finding of civil liability for false arrest to be prima facie evidence that the petitioner was guilty of the charges. We agree that such a judgment is of some probative value. However, in the instant circumstances, the judgment is insufficient to constitute substantial evidence that the petitioner violated the Peekskill Police Department rules by failing to conduct a proper investigation and wrongfully arresting Pedro Rivera. In determining whether an administrative determination is supported by substantial evidence, it is necessary to look at the evidence as a whole and to consider the evidence produced by one party in connection with the evidence produced by the other party. Thus, seemingly conclusive evidence may lose all probative force when examined in light of other evidence (see, generally, *Matter of Stork Rest. v Boland*, 282 NY 256, 274; 23 Carmody-Wait 2d, NY Prac, § 145:20). The respondents failed to introduce any proof as to what proper investigatory procedure and proper arrest procedure entails. Nor was it demonstrated how the petitioner violated such procedures except by relying on the collateral determination that Rivera had been falsely arrested. However, that determination was made in a wholly different procedural setting. It must be recognized that standards of reasonable conduct are partially dependent upon the interests sought to be protected in a particular case. Certainly, the interest in protecting innocent persons from the tortious encroachment of being falsely arrested is significantly different from the interest of preserving the integrity of a police force by punishing those who are guilty of misconduct. Absent evidence that the petitioner personally violated proper police procedure, the collateral determination that he wrongfully arrested Rivera is of only limited probative value. For purposes of departmental charges, it must also be shown that the petitioner's conduct was unreasonable in light of existing procedure and training. From this perspective, there is no basis for personally penalizing the petitioner for the wrongful arrest. Although the Supreme Court Justice who decided the false arrest action found that the only similarity between the person arrested and the person wanted by the Suffolk County police was the name, the instant record shows that they were also of similar height, weight and coloring. The Justice's presumption that Sergeant Hayes initially went to Rivera's address only for purposes of inquiry is rebutted by Hayes' hearing testimony that he went to the premises to arrest Rivera. Although the petitioner could have personally checked for the tattoo, no evidence was introduced to rebut his testimony that it was not normal procedure to ask a suspect to disrobe in his home. Furthermore, petitioner's explanation that he was anxious to effect the arrest before the arrival of Rivera's family members is not unreasonable. The conclusion that the petitioner's conduct was in accord with proper procedure is further supported by the unrebutted testimony that the other officers on the shift were instructed to arrest Pedro Rivera who lived at the subject address, and that those officers were not given a description of Rivera. The almost inescapable inference is that the patrolmen were to bring Rivera into headquarters where the supervisor would then determine whether it was the Rivera for

whom the Suffolk County police had an outstanding warrant. This is exactly what was done. In light of the evidence introduced at the hearing, the collateral and unreviewed determination that Rivera was falsely arrested is of diminished probative value. In the absence of any evidence that the arrest was occasioned by a violation of proper procedure, the unrebutted evidence that the petitioner acted in reasonable accord with his training and instructions is persuasive. The courts of this and other jurisdictions have frequently dismissed criminal indictments because there was no reasonable cause to make the initial stop or arrest. In so doing, it is generally not anticipated that the arresting officer will be exposed to charges of misconduct. We are therefore hesitant to sustain such charges based upon the mere scintilla of proof that an individual had been wrongfully arrested. More proof is required to satisfy the substantial evidence test and, therefore, the determination should be annulled. Lazer, J. P., Rabin and Shapiro, JJ., concur.

Margett, J., dissents and votes to confirm the determination and dismiss the proceeding on the merits, with the following memorandum: I believe respondents' determination to be supported by substantial evidence on the record as a whole. It should be noted that the description of the suspect possessed by petitioner was that of a man 12 years younger than Mr. Rivera, with a scar on his *nose*. Furthermore, Mr. Rivera had apparently been asleep and was in a partial state of undress at the time he was arrested. There would have been little difficulty in checking for a shoulder tattoo with the words, "Padre, Madre, Mia", before compelling the suspect to accompany the officers to police headquarters. In light of the fact that this is merely one of four incidents in which petitioner has made questionable use of his authority as a police officer, I do not believe the penalty of dismissal was unwarranted (see *Matter of Pell v Board of Educ.,* 34 NY2d 222).